GEORGE W. WEEKS, as Executor, etc., of JACOB WEEKS, Deceased, Respondent, *v.* JACOB WEEKS CORNWALL and Others, Appellants.

*Practice — joinder of causes of action — an action relating to different separate trusts created by the same will cannot be joined, where the beneficiaries are different and have no common interest.*

Appeal from an interlocutory judgment overruling demurrers. interposed to the plaintiff's complaint.

The court at General Term said: "The plaintiff, as one of the executors of the estate of Jacob Weeks, commenced this action to settle his accounts as executor and to obtain the determination of the court upon certain portions of the will drawn in question by him, and its judgment as to his compensation as executor and trustee of the estate. Ten of the defendants joined in the demurrer to ten different subdivisions of the complaint in form setting forth separate causes of action. These divisions extend from the fifth to the fourteenth alleged causes of action, both inclusive. The other two appealing defendants, by their demurrer, demurred to each division of the complaint, being twenty-one in number. The objections taken by the ten demurring defendants to each of such divisions of the complaint were the same, and they are that neither of the divisions demurred to state facts sufficient to constitute a cause of action against either of these defendants, and that such causes of action are each improperly united with other causes of action in the complaint inasmuch as neither affects the rights of all the parties to the action, or either, or any of the ten defendants demurring, but affects the rights of the persons only mentioned in the respective causes of action. The demurrer of the other two defendants is not unlike that interposed by the ten defendants, except that it includes all the subdivisions of the complaint. ·

A presumption arises out of the manner in which the different subdivisions of the complaint have been inserted in it, that it was intended that the allegations contained in each subdivision should form a distinct and separate cause of action. For with the exception of the first and eighteenth, each of the divisions of the complaint is introduced with the statement of it as another cause of action. The second division of the complaint commences with the words "for a second cause of action the plaintiff avers, sets forth and alleges as follows," and each of the others which have been mentioned are preceded in the same manner, but with the appropriate change in the number. This however would not be conclusive against the plaintiff if the complaint could be so construed as still to contain but one cause of action. (*Hillman* v. *Hillman*, 14 How., 456.) For if it contained but one cause of action, and that was as the complaint was designed to be in equity, then all persons in any way interested might very well be made parties to the action, even

though their interests might be extremely remote or contingent. For the law favors an action in that form. For the purpose of settling disputed controversies or rights, it permits them to be included in one litigation where they arise out of the same subject matter. This subject was elaborately considered in *Brinkerhoff* v. *Brown* (6 Johns. Ch., 139), where the authorities were discussed and cited. And it was there determined where there was a common interest to be maintained in equity, either in favor of the plaintiff or against the defendants, all persons in any manner connected with that interest could regularly be brought before the court for its determination. And the same rule has been generally stated in section 539 of Story's Equity Pleadings, and also in *Garner* v. *Thorn* (56 How., 452). But this rule requires that the interest to be protected or to be assailed in the action shall be a common one, and that the plaintiffs are identified in interest in maintaining the action and obtaining the relief it may be its object to secure. But at the same time it has been held, and reasonably and properly so, that a court of equity will not generally " take cognizance of distinct and separate claims of different persons in one suit though standing in the same relative situation." (*Birkley* v. *Presgrave*, 1 East, 220, 226, 227.) There must be a common interest centering in the point in issue. ( *Ward* v. *Duke, etc.*, 2 Anst., 469, 477; *Rayner* v. *Julian*, 2 Dickens, 677.) This rule has been further stated to be that " a party cannot be brought as a defendant upon a record with a large portion of which, and of the case made by which, he has no connection whatever." (Story's Eq. Plead., § 530.) And these authorities and the rule which they support do not seem to promote the maintenance of the plaintiff's action in the manner in which it has been disclosed and set forth in the complaint."

The allegations of the complaint contained in the various counts in the complaint are then examined, after which the opinion proceeds as follows :

" From this examination of the complaint it is clear that, so far as the different trusts are set forth, the right and obligation of the plaintiff to account for his management in it is separate and legally devisable from all the others ; that the accounting as to each trust must be exclusively between himself and the beneficiary in that trust, or his personal representatives when he may become deceased.

And these different causes of action do not affect all the parties to the suit, and cannot under the authority of the law be alleged and set forth in the same complaint. This point has been raised and distinctly presented by each of the demurrers, and as it is required to be sustained, the judgment from which the appeal has been taken should be reversed and a judgment entered sustaining the demurrers, of the appealing defendants, to the complaint with costs, with leave to the plaintiff to amend in twenty days on payment of the costs of the demurrers and of these appeals."

*Flaman B. Candler* and *Abner C. Thomas*, for the appellants.

*A. H. Stoiber*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, judgment entered sustaining demurrer, with costs and with leave to plaintiff to amend in twenty days on payment of costs of demurrer and of appeal.